(Reap. Dec. 10713)

S. JACKSON & SON, INC. v. UNITED STATES

Entry No. 2336.

(Decided April 7, 1964)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.. *John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff* and *Samuel D.. Spector*, trial attorneys); for the defendant.

LAWRENCE, Judge: This is an appeal for the reappraisement of an electric transformer, manufactured in Italy by the Industrie Electtriche Di Legnano (I.E.L.) and consigned to the Corps of Engineers, United States Army District Engineers, Nashville, Tenn., and installed at its Cheatham Power Plant on the Cumberland River in Tennessee.

The merchandise was appraised on the basis of cost of production;. as defined in section 402(f) of the Tariff Act of 1930.

Plaintiff contends that the appraiser erroneously included as general expenses in his finding of value certain costs incurred in the United States, namely, (a) "Fee of the Legnano Elec. Corp." and (b) "Bid and Performance Bond."

It appears from the record that the merchandise was purchased on the basis of a contract awarded I.E.L. by the United States Department of the Interior, and the Corps of Engineers, United States Army.

The bids on the contract were submitted through the Legnano Electric Corp., a wholly owned subsidiary of the I.E.L., but an independent corporation incorporated under the laws of New York.

Jack Richer, vice president of the Legnano Electric Corp., testified on behalf of plaintiff that he was general manager in charge of all affairs in the conduct of its business, acting as "manufacturers' agents;. sales agents, importers and exporters." He stated that he was familiar with the details of the notice of award, dated December 23,. 1954, given by the Corps of Engineers of the United States Army to Legnano Electric Corp. for "main power transformers for the Cheatham Power Plant at the Columbia River in Tennessee." A copy of the award was received in evidence as plaintiff's exhibit 1. (While Richer refers to the Columbia River, the award designates the Cumberland River, where the transformer was installed.)

Said exhibit 1 reads as follows:

Confirming telegram of this date you are hereby formally notified that your bid in the amount of $137,351.00 for main power transformers and lightning: arresters for Cheatham Power Plant, Cumberland River, Tennessee, Invitation No. [?] is accepted.

Reference is made to Paragraph SC-5 of the specifications which requires the execution of a Performance Bond to cover the above-mentioned work. For your convenience there is inclosed Standard Form No. 25, Performance Bond, which has been partially completed. In completing the bond special care should be exercised in the following particulars:

a. The premium charged must not exceed the duly authorized rates.

b. The corporate seal of the corporation must be affixed following the signature on the face of the bond and following the signature of the person executing the Certificate as to Corporate Principal on the back of the bond.

c. The signatures of the Corporate Principal and the Corporate Surety must be attested to.

d. The original and duplicate copies of the bond should be returned to this office.

Upon receipt of the properly executed bond a signed copy of the contract will be forwarded for your files. The prompt execution and return of the bond will be appreciated.

In the performance of its responsibilities under the award, the Legnano Electric Corp. handled damage claims for repairs; furnished engineering personnel; supervised the erection of the transformers; and, in general, handled administrative and technical questions regarding the execution of the contract.

It is observed that the award speaks of transformers in the plural sense. This is explained by the fact that the award embraced a bid for three identical transformers. Two of them were involved in reappraisement 293912–A, which was the subject of decision by this court in *United States* v. *S. Jackson & Son, Inc.*, 48 Cust. Ct. 626, Reap. Dec. 10229. In that case, the appraiser, in finding statutory cost of production, did not include the amount of the fee and performance bond above described and his decision was affirmed, although upon a very unsatisfactory record which has been incorporated as a part of the record herein. It is not clear from the record why the appraiser excluded the amount of the fee and performance bond in his finding of cost of production in the first importation and included those items in the instant case.

During the course of the trial, counsel for plaintiff stated that, in appeal 293912–A, which was the subject of Reap. Dec. 10229, *supra*—

* * * Exhibit 3 * * * sets forth the details upon which the Government wished to base an appraised value of 22,762,340 Italian lira each. And I wish to point out to the court that on this Exhibit 3 there is specified under the heading of general expenses two items which we here contend should be non-dutiable. The first is specified as: "Fee of the Legnano Elec. Corp. ($4,738.50 converted to Lira at 626.95) 2,970,802." And the second item under general expenses which is identified as: "Bid and Performance Bond ($4,733.40 converted to Lira at 625) 2,958,375."

It was agreed between adversary counsel that the calculations set forth in said exhibit 3 are the calculations for cost of production used by the appraiser in this particular case, but that the costs stated thereon "* * * relate to three transformers of equal value * * *."

For greater clarity, the computation of the cost of production of one transformer as found by the appraiser, and the importer's claimed value thereof, are here set forth:

| Item | One transformer appraised value (Italian lira) | One transformer importer claims (Italian lira) |
|---|---|---|
| (1) Cost of material | 12, 679, 000 | 12, 679, 000 |
| (2) Cost of fabrication | 3, 904, 000 | 3, 904, 000 |
| (3) General expenses | 16, 583, 000 | 16, 583, 000 |
| Expenses | 2, 288, 454 | 2, 288, 454 |
| Fee to Legnano | 990, 267. 33 (×) | 0 |
| Bond costs | 986, 125 (ʸ) | 0 |
| Total expenses | 4, 264, 846. 33 | 2, 288, 454 |
| (4) Total of (1) (2) and (3) | 20, 847, 846. 33 | 18, 871, 454 |
| (5) Packing | 246, 666. 66 | 246, 666. 67 |
| (6) Profit—(8% of (4)) | 1, 667, 827 | 1, 509, 716. 33 |
| Total cost of production | 22, 762, 340 | 20, 627, 837 |

(×) 990,267.33 lira equals $1,579.50
(ʸ) 986,125 lira equals $1,577.80

It is the opinion of the court, based upon the entire record, that it was error for the appraiser to include as part of the cost of production the "Fee to Legnano" and the bond costs, above referred to. These charges relating to activities and services performed in the United States should not, in the opinion of the court, be allocated to "general expenses."

As a matter of fact, if any doubt survives this conclusion, that doubt should be resolved in favor of the importer to the end that the subject transformer be appraised in accordance with the cost of production of the two identical transformers involved in Reap. Dec. 10229, *supra.*

Based upon the foregoing, the court makes the following findings of fact:

1. The merchandise under appraisement consists of one transformer, produced by the Industrie Electtriche Di Legnano in Italy.

2. Said merchandise was one of three transformers purchased by, and imported by, the Corps of Engineers, United States Army District Engineers, for installation in its plant on the Cumberland River, Tenn.

3. Said transformer was appraised on the statutory basis of cost of production pursuant to section 402(f) of the Tariff Act of 1930.

4. Included in such cost of production was an amount stated to be a "Fee to Legnano" and also an amount incurred on a "Bid and Performance Bond."

5. The Legnano Electric Corp. is a wholly owned subsidiary of the Industrie Electtriche Di Legnano but, nevertheless, an independent corporation incorporated under the laws of New York.

6. Said Legnano Electric Corp. is a manufacturers' agent who processed a notice of award given by the Corps of Engineers of the United States Army for the purchase of the transformer in question.

7. That said Legnano Electric Corp., in the performance of its responsibilities under the award, handled damage claims for repairs, furnished engineering personnel, supervised the erection of the transformer, and handled administrative and technical questions regarding the execution of the contract.

8. That cost of production is the proper statutory basis for appraising said transformer.

9. That the appraiser computed the cost of production of the subject transformer as follows, the importer's claimed cost of production being stated in a parallel column:

| Item | One transformer appraised value (Italian lira) | One transformer importer claims (Italian lira) |
|---|---|---|
| (1) Cost of material | 12, 679, 000 | 12, 679, 000 |
| (2) Cost of fabrication | 3, 904, 000 | 3, 904, 000 |
| (3) General Expenses | | |
| Expenses | 2, 288, 454 | 2, 288, 454 |
| Fee to Legnano | 990, 267. 33(*) | 0 |
| Bond Costs | 986, 125(ʸ) | 0 |
| Total expenses | 4, 264, 846. 33 | 2, 288, 454 |
| (4) Total of (1) (2) and (3) | 20, 847, 846. 33 | 18, 871, 454 |
| (5) Packing | 246, 666. 66 | 246, 666. 67 |
| (6) Profit—(8% of (4)) | 1, 667, 827 | 1, 509, 716. 33 |
| Total cost of production | 22, 762, 340 | 20, 627, 837 |

(*) 990,267.33 lira equals $1,579.50
(ʸ) 986,125 lira equals $1,577.80

The court concludes as matters of law:

1. That a transformer, manufactured in Italy, purchased and imported by the Corps of Engineers, United States Army, for installation at its plant on the Cumberland River in Tennessee, was properly subject to appraisal on the statutory basis of cost of production, section 402(f) of the Tariff Act of 1930 (19 U.S.C. § 1402(f)).

2. That the appraiser erroneously included as part of the cost of production, which he attributed to "General Expenses," the amount allocated to a "Fee" to Legnano and a bid and performance bond.

3. That the amount of said fee and of the bid and performance bond form no part of the statutory cost of production.

4. That the actual cost of production is represented by the appraised value, less the amounts allocated to said fee, and bid and performance bond, as set forth in the ninth finding of fact, *supra*.

5. That the 8 percent for profit should be computed on the cost of production, less the amount of the fee, and bid and performance bond charges.

Judgment will be entered accordingly.